UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRIGITTE T. WARREN,

                               Plaintiff,

      -against-

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

                              Defendant.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
06-cv-2933 (CBA)

**AMON, Chief United States District Judge**.

Counsel for plaintiff in this social security action has moved this Court to authorize attorney's fees in the amount of $19,000.00 pursuant to 42 U.S.C. § 406(b)(1). For the reasons stated, the motion is granted.

*I.    Background*

On July 16, 2007, the Court reversed the ALJ's determination that plaintiff Brigitte Warren was not disabled and remanded for reconsideration. D.E. #16. On October 24, 2007, the Court ordered the parties' stipulation that Warren's counsel was entitled to payment of $6,000.00 in attorney's fees and $350.00 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). D.E. #20. On August 1, 2011, the Social Security Administration informed Warren that she was entitled to social security benefits beginning in June 1998. Mem. at exh. B. It also informed her that the Administration was withholding $41,419.25, or 25%, from her past due benefits for potential attorney's fees. *Id.*

---

[1] As counsel for plaintiff points out, because Michael J. Astrue is now the Commissioner of Social Security, he is substituted for previous defendant Jo Anne B. Barnhardt, Fed. R. Civ. P. 25(d).

1

II.     *Award of Attorney's Fees*

Under 42 U.S.C. § 406(b)(1), "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits . . . ." Fees awarded under section 406(b)(1) are deducted from the social security claimant's past-due benefits. *Id.*

"[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Factors considered in determining the reasonableness of counsel's request include "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." *Kazanjian v. Astrue*, 2011 WL 2847439, at *1 (E.D.N.Y. 2011) (citing *Wells*, 907 F.2d at 272).

An attorney may also receive fees under the EAJA, 28 U.S.C. § 2412(d), through which a party prevailing in a judicial review of agency action may be entitled to fees and costs. Unlike an award under section 406(b), an EAJA award is not deducted from the social security claimant's past-due benefits. Indeed, an EAJA award "offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Counsel requests an award of "$19,000.00, which represents $25,000.00 . . . minus the previously awarded EAJA fees of $6,000.00." Mem. at 2-3. Attached to his motion are (a) the retain-

er agreement, which sets a contingent fee payment of 25% of past-due benefits; (b) the Social Security Administration's letter to Warren, indicating that it would withhold $41,419.25, 25% of her past due benefits; (c) an itemization of the hours spent by counsel on Warren's case; and (d) a letter from Warren indicating her satisfaction with counsel's representation and her belief that 25% of past due benefits is a reasonable fee. The Commissioner does not oppose counsel's motion. D.E. #27.

Counsel's requested fee of $19,000 is reasonable. The $25,000.00 award—which is the basis for the $19,000.00 award that results from the $6,000.00 EAJA offset—is less than the 25% statutory cap. There is no indication of overreaching or fraud in the retainer agreement, nor was there delay in prosecuting this action. And although $25,000.00 is a substantial sum for 38 hours of work, it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement.

Accordingly, the Court grants counsel's unopposed motion and authorizes payment of $19,000.00 in attorney's fees.

SO ORDERED.

Dated: Brooklyn, N.Y.
      November 7, 2011

                              /s/
                          Carol Bagley Amon
                          Chief United States District Judge